UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SKYLER JACKSON,

                                  Plaintiff,

                                                                                        9:13-CV-1279
v.                                                                                     (MAD/TWD)

NATHAN YANDO; ROGER MORGAN;
COLIN FRASER; JOSEPH COURTRIGHT;
DANIEL MULLIGAN; JEREMY SAUNDERS;
CORY THAYER; OFFICER KELLY,

                                  Defendants.
_____

APPEARANCES:                                                       OF COUNSEL:

SKYLER JACKSON, 08-A-2852
Plaintiff pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN                         C. HARRIS DAGUE, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

      This pro se prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff Skyler Jackson alleges that Defendants subjected him to excessive force on October 11, 2010. (Dkt. No. 1 at 7-8.) Currently pending before the Court is Defendants' motion for judgment on

the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. No. 30.) Plaintiff has opposed the motion (Dkt. No. 41) and filed an amended complaint (Dkt. No. 39). For the reasons that follow, I recommend that Defendants' motion be denied. In addition, I construe Plaintiff's amended complaint as a motion to amend the complaint and grant that motion.

## I. BACKGROUND

The following facts are derived from the face of the operative complaint and are accepted as true for the purposes of deciding the pending motion for judgment on the pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

On October 8, 2010, Plaintiff argued with Defendants Mulligan and Saunders regarding religious accommodations. (Dkt. No. 1 at 7.) Plaintiff filed a grievance, and as a result, on October 11, 2010, Defendants Mulligan, Morgan, Courtright, Saunders, and Yando subjected Plaintiff to excessive force while he was on the way to the mess hall. *Id*. at 7-8. Defendants Kelly, Fraser, and Thayer observed the attack but failed to protect Plaintiff. *Id*. at 8-9.

The date on which the complaint was signed is at issue. The date that appears on the complaint is October 9, 2011. (Dkt. No. 1 at 11.) However, Plaintiff claims that this was a typographical error, and the date he actually signed the complaint was October 9, 2013. (Dkt. No. 41 at 2.) The complaint was postmarked October 15, 2013, and filed on October 16, 2013. (Dkt. No. 1.) Defendants now move for judgment on the pleadings. (Dkt. No. 30.) Plaintiff has opposed the motion and filed an amended complaint. (Dkt. Nos. 41, 39.)

## II. LEGAL STANDARD GOVERNING MOTIONS FOR JUDGMENT ON THE PLEADINGS

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the

same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III. ANALYSIS

Defendants argue that the complaint is barred by the applicable statute of limitations because it was filed more than three years after the underlying incident. (Dkt. No. 30-1.) Plaintiff argues that the complaint is timely under the "prison mailbox rule." (Dkt. No. 41.) For the reasons discussed below, I recommend that Defendants' motion for judgment on the pleadings be denied.

Claims arising under 42 U.S.C. § 1983 are governed by state statutes of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266-267 (1985). In New York, such claims are governed by the general three-year limitations period governing personal injury claims. *Owens v. Okure*, 488 U.S. 235, 251 (1989).

The prison mailbox rule provides that a pro se complaint submitted by a prisoner is deemed "filed" at the time it was delivered to "prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). *See also Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001). The date that a complaint is signed is the date that the prisoner is presumed to have handed that complaint to a prison guard for mailing. *See Shaw v. Superintendent*, No. 03–CV–0610 (NPM), 2007 U.S. Dist. LEXIS 22460, at * 9 n.3, 2007 WL 951459, at * 3 n.3 (N.D.N.Y. Mar. 28, 2007) (habeas corpus proceeding); *Garraway v. Broome Cnty.*, No. 03–CV–0681, 2006 U.S. Dist. LEXIS 17563, at *9, 2006 WL 931729, at *3–4 (N.D.N.Y. Apr.7, 2006) (McAvoy, J.) (prisoner civil rights action).[1]

Defendants argue, without citation to authority, that the prison mailbox rule is

---

[1] The Court will provide Plaintiff with a copy of all unpublished decisions cited in this Report-Recommendation in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

4

inapplicable here "due to the unreliable date provided on the complaint." (Dkt. No. 30-1 at 2.[2])
Plaintiff argues that the date on the signature page of his complaint (October 9, 2011) is a typographical error, and that the correct date should have been in 2013. (Dkt. No. 41 at 2.) In support of this argument, he has provided the slip with which he requested a disbursement for postage for filing the complaint. (Dkt. No. 41 at 5.) The slip is dated October 10, 2013. *Id*. Plaintiff's *in forma pauperis* application is dated October 9, 2013. (Dkt. No. 2 at 2.) Plaintiff also points to the fact that his claim is dated on October 9 as evidence that it is a typographical error, because it would be a striking coincidence if he chose to write a complaint at nearly the one-year anniversary of the events in 2010, and yet still held on to the complaint for two more years before submitting it. (Dkt. No. 41 at 2.)

Given this Court's duty to make all reasonable inferences in Plaintiff's favor, it is reasonable to conclude that the date on the complaint is an error, and that the date Plaintiff signed the complaint is October 9, 2013. Under the "prison mailbox rule," this date is before the statute of limitations had run. Therefore, this claim is not time-barred, and I recommend that Defendants' motion be denied.

## IV. MOTION TO AMEND

Defendants answered the complaint on February 18, 2014. (Dkt. No. 25.) Plaintiff filed the amended complaint on May 12, 2014. (Dkt. No. 39.) Defendants have not responded or objected to the amended complaint. Because Plaintiff waited more than twenty-one days after Defendants filed their responsive pleading, Plaintiff was not entitled to amend his complaint as a

---

[2] Page numbers in citations to Defendants' memorandum of law refer to the page numbers in the original document rather than to the page numbers assigned by the Court's electronic filing system.

matter of right. Fed. R. Civ. P. 15(a)(1). Rather, Plaintiff was required to obtain leave of the Court or Defendants' written consent before filing the amended complaint. Fed. R. Civ. P. 15(a)(2). In the interest of judicial efficiency and in light of the special solicitude that must be granted to pro se litigants, I construe Plaintiff's amended complaint as a motion to amend the complaint.

Federal Rule of Civil Procedure 15(a) provides that the court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion to amend is committed to the sound discretion of the trial court. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).[3] An amendment which is futile, such as a proposed amended complaint seeking to assert claims barred by the statute of limitations, must be denied. *See Malesko v. Corr. Servs. Corp.*, 229 F.3d 374, 382-84 (2d Cir. 2000), *rev'd on other grounds*, 534 U.S. 61 (2001). Similarly, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo*, 987 F.2d at 131 (citing *Foman,* 371 U.S. at 182).

The amended complaint asserts excessive force and failure to protect claims against Defendants Yando, Courtright, Morgan, Fraser, Mulligan, Saunders, Thayer, and Kelly. (Dkt. No. 39.) This Court previously found those claims sufficient to proceed, and ordered that Defendants respond. (Dkt. No. 5.) Nothing in the amended complaint renders those claims futile or "unlikely to be productive." Therefore, the motion to amend is granted as to the excessive

---

[3] As the Second Circuit has stated, "[w]e review denial of leave to amend under an 'abuse of discretion' standard . . . . When the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a *de novo* review." *Hutchison v. Deutsche Bank Securities Inc.*, 647 F.3d 479, 490 (2d Cir. 2011) (citation omitted).

force and failure to protect claims against Defendants Yando, Courtright, Morgan, Fraser, Mulligan, Saunders, Thayer, and Kelly.

The amended complaint adds new claims and Defendants. First, Plaintiff alleges that a misbehavior report was issued on October 12, 2010, charging him with offenses including assault on staff and violent conduct. (Dkt. No. 39 ¶ 29.) Plaintiff alleges that Proposed Defendant C. Goodman conducted the hearing on the misbehavior report. *Id*. ¶ 31. Plaintiff alleges that Proposed Defendant Goodman violated his right to due process by failing to timely provide him with documents and by being biased. *Id*. ¶¶ 32-33. Proposed Defendant Goodman found Plaintiff guilty of the most serious offenses in the misbehavior report and sentenced him to three years in punitive segregation. *Id*. ¶¶ 34-35. Second, Plaintiff claims that Proposed Defendant Norman Bezio, the superintendent of the facility, violated Plaintiff's due process rights by "overseeing and sustaining" Proposed Defendant Goodman's decision. *Id*. at 6 ¶ 3. Third, Plaintiff claims that Proposed Defendant Bezio violated his Eighth Amendment rights by failing "to take disciplinary or other action to curb the known pattern of physical abuse of inmates by defendants Mulligan, Yando, Saunders and Courtright." *Id*. ¶ 38. These claims are not futile or "unlikely to be productive."[4] Therefore, the motion to amend is granted and the amended complaint shall be the operative pleading in this action.

**ACCORDINGLY**, it is

---

[4] The Court expresses no opinion on whether the new claims would survive a dispositive motion. The Court notes that there are potential personal involvement issues regarding Defendant Bezio, but finds that each of the claims is sufficiently well-pleaded to survive an initial sua sponte review pursuant to 28 U.S.C. § 1915(e) (2006). *See Thomas v. Calero*, 824 F. Supp. 2d 488, 509-10 (S.D.N.Y. 2011) (affirming disciplinary conviction constitutes personal involvement).

**RECOMMENDED** that Defendants' motion for judgment on the pleadings (Dkt. No. 30) be **DENIED**; and it is further

**ORDERED** that Plaintiff's amended complaint (Dkt. No. 39) is construed as a motion to amend the complaint; and it is further

**ORDERED** that the motion to amend the complaint is **GRANTED**; and it is further

**ORDERED** that the Clerk revise the docket to add C. Goodman and Norman Bezio as Defendants; and it is further

**ORDERED** that the Clerk issue amended summonses and forward them to the U.S. Marshal for service on Defendants Goodman and Bezio; and it is further

**ORDERED** that the Clerk provide Plaintiff with copies of *Shaw v. Superintendent*, No. 03–CV–0610 (NPM), 2007 U.S. Dist. LEXIS 22460, 2007 WL 951459 (N.D.N.Y. Mar. 28, 2007) and *Garraway v. Broome Cnty.*, No. 03–CV–0681, 2006 U.S. Dist. LEXIS 17563, 2006 WL 931729 (N.D.N.Y. Apr.7, 2006); and it is further

**RECOMMENDED** that, if the Court adopts the recommendation to deny the motion for judgment on the pleadings, Defendants Yando, Courtright, Morgan, Fraser, Mulligan, Saunders, Thayer, and Kelly be directed to respond to Plaintiff's amended complaint as provided for in the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989) (per curiam)); 28 U.S.C.

§ 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).


Dated: June 28, 2014
      Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge