**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SKYLER JACKSON,**

                            **Plaintiff,**

    **vs.**                                            **9:13-cv-01279
                                                           (MAD/TWD)**

**NATHAN YANDO, Corrections Officer, Great
Meadow Correctional Facility; ROGER MORGAN,
Corrections Officer, Great Meadow Correctional
Facility; COLIN FRASER, Sergeant/Officer,
Great Meadow Correctional Facility; JOSEPH
COURTRIGHT, Corrections Officer, Great Meadow
Correctional Facility; DANIEL MULLIGAN, Corrections
Officer, Great Meadow Correctional Facility; JEREMY
SAUNDERS, Corrections Officer, Great Meadow
Correctional Facility; OFFICER KELLY, Corrections
Officer, Great Meadow Correctional Facility; C.
GOODMAN; and NORMAN BEZIO,**

                            **Defendants.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**SKYLER JACKSON**
08-A-2852
Auburn Correctional Facility
P. O. Box 618
Auburn, New York 13021
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **C. HARRIS DAGUE, AAG**
**STATE ATTORNEY GENERAL**
The Capital
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

    *Pro se* plaintiff, Skyler Jackson, (" Jackson"), an inmate currently in the custody of the

New York State Department of Corrections and Community Supervision ("DOCCS"), brought

this civil rights action pursuant to 42 U.S.C. § 1983 alleging the following: (1) Defendants Lipka and Marshall violated Plaintiff's First and Fourteenth Amendment rights and committed "the tort of intentional infliction of emotional distress" when they authored false reports and testified falsely against Plaintiff for his filing of grievances against them; (2) Defendants Carr, Lipka, Marshall, and Simmons violated Plaintiff's Eighth Amendment rights when they used excessive force against him; (3) Defendants Thayer and Kelly violated Plaintiff's Eighth Amendment rights when they failed to intervene on his behalf; (4) Defendant Fischer violated Plaintiff's Eighth Amendment rights by exhibiting deliberate indifference in failing to act despite numerous complaints reported by Plaintiff and his family members; (5) Defendant Rock violated Plaintiff's Eighth Amendment rights by exhibiting deliberate indifference in not properly investigating his complaints; (6) Defendants Maas, Marlow, and Travers violated Plaintiff's Eighth Amendment rights by exhibiting deliberate indifference to Plaintiff's medical needs; and (7) Defendant Uhler violated Plaintiff's Fourteenth Amendment due process rights in conducting a disciplinary hearing. *See* Dkt. No. 57 at 35-47. Plaintiff's claims arose from events between November 8, 2011, and April 22, 2012, while he was in the custody of DOCCS as an inmate in the Upstate Correctional Facility ("Upstate C.F.").

In a June 28, 2014 Report-Recommendation and Order, Magistrate Judge Dancks recommend that Defendants' motion for judgment on the pleadings be denied and that Plaintiff's motion to amend should be granted. *See* Dkt. No. 42. Neither party objected to the Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same

arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, \*1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure). *See* Dkt. No. 42.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). When a party makes a Rule 12(c) motion, the court applies the same standard as when a party files a Rule 12(b)(6) motion. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (citation omitted).

When considering a Rule 12(b)(6) motion, the court accepts the material facts alleged in the complaint as true, drawing all inferences in favor of the non-moving party. *See, e.g.*, *Miller v.*

3

*Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003) (citing *Patel v. Contemporary Classics of Beverley Hills*, 259 F.3d 123, 126 (2d Cir. 2001)). The court is not bound, however, to accept as true legal conclusions with the appearance of factual statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The moving party has the heavy burden of showing that the plaintiff is not "entitled to offer evidence in support [his] claims." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995) (citations omitted). Thus, the court should only dismiss a 12(b)(6) motion where the plaintiff provides no "plausible" basis to support his claims. *See Twombly*, 550 U.S. at 556-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

When a party proceeds *pro se*, the court must liberally construe his pleadings, holding them to a standard less stringent than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If a *pro se* plaintiff's complaint alleges civil rights violations, the court must construe his pleadings with "particular generosity." *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (quoting *Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002)). Further, when a *pro se* plaintiff faces a motion to dismiss, the court may consider "materials outside the complaint to the extent they are consistent with the allegations in the complaint." *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004).

Having reviewed the entire record in this matter, the Court finds that Magistrate Judge Dancks correctly determined that Defendants' motion for judgment on the pleadings should be denied on the ground that the date on the complaint is an error, and that the Plaintiff signed the complaint on October 9, 2013, not October 9, 2011. Under the "prison mailbox rule," this date is before the statute of limitations had run. Therefore, this claim is not time-barred and Defendants'

motion for judgment on the pleadings is denied.

Plaintiff filed an amended complaint on May 12, 2014. Dkt. No. 39. Since the time for Plaintiff to file an amended complaint as of right had expired, Magistrate Judge Dancks correctly recommended that the Court should treat the amended complaint as a motion to amend. Further, Magistrate Judge Dancks correctly determined that the Court should grant the motion to amend as to all claims and the additional Defendants named therein.

The amended complaint asserts excessive force and failure to protect claims against Defendants Yando, Courtright, Morgan, Fraser, Mulligan, Saunders, Thayer, and Kelly. The Court previously found those claims sufficient to proceed, and ordered that Defendants respond. Dkt. No. 5. Finally, Magistrate Judge Dancks properly determined that Plaintiff has plausibly alleged a due process claim against Defendant Goodman relating to a hearing on an October 12, 2010 misbehavior report. Further, the proposed amended complaint adequately alleges that Defendant Bezio violated Plaintiff's due process and Eighth Amendment rights, as set forth in Magistrate Judge Dancks' recommendation.

After carefully considering Magistrate Judge Dancks' June 28, 2014 Report-Recommendation and Order, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' June 28, 2014 Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion for judgment on the pleadings is **DENIED in its entirety**; and the Court further

**ORDERS** that Plaintiff's amended complaint is construed as a motion to amend the complaint; and the Court further

**ORDERS** that Plaintiff's motion to amend the complaint is **GRANTED**; and the Court

5

further

**ORDERS** that the Clerk of the issue amended summonses and forward them to the U.S. Marshal for service on Defendants Goodman and Bezio; and the Court further

**ORDERS** that all Defendants are directed to respond to Plaintiff's amended complaint as provided for in the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: August 13, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge