UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SKYLER JACKSON,

                                Plaintiff,           9:13-CV-1279
                                                                 (MAD/TWD)

   v.

NATHAN YANDO, et al.,

                                Defendants.

---

APPEARANCES:                                    OF COUNSEL:

SKYLER JACKSON
08-A-2852
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN        C. HARRIS DAGUE, ESQ.
New York State Attorney General         Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

Plaintiff Skyler Jackson commenced this civil rights action pursuant to 42 U.S.C. § 1983 in October, 2013. By his complaint, plaintiff asserted claims for the violation of his rights under the Eighth Amendments to the U.S. Constitution arising out of an incident which occurred at Great Meadow Correctional Facility in October, 2010. *See* Dkt. No. 1. Eight members of the corrections staff at Great Meadow C.F. were named as defendants. *Id.*

On November 20, 2013, Magistrate Judge Dancks issued a Decision and Order

granting plaintiff's application for in forma pauperis status and directing service of the complaint. Dkt. No. 5.

Following service of process, defendants Joseph Courtright, Colin Fraser, Officer Kelly, Daniel Mulligan, Jeremy Saunders, Cory Thayer, and Nathan Yando answered the complaint in February, 2014. Dkt. No. 25. Shortly thereafter, defendants filed a motion for judgment on the pleadings on the ground that the complaint was not timely filed. Dkt. No. 27.

Plaintiff opposed the motion and filed an amended complaint. Dkt. Nos. 39, 41.

On August 13, 2014, this Court denied defendants' motion for judgment on the pleadings; construed plaintiff's amended complaint as a motion to amend; granted the motion to amend; directed service on the two additional defendants (C. Goodman and Norman Bezio) named in the amended complaint; and directed the defendants to answer the amended complaint. Dkt. No. 44. Defendants' response to the amended complaint is due September 19, 2014. Dkt. No. 49.

Upon review of the docket, the Court notes that service of process has not been effected on defendant Roger Morgan. It further appears that attempts to serve this defendant in December, 2013 and February, 2014 were unsuccessful; the returns of service state that he is deceased. *See* Dkt. No. 8 ("C.O. Morgan retired from Great Meadow & has passed away."); Dkt. No. 23 ("Mr. Morgan died 8 months ago.").

Under New York State law, "[a]fter death, no person, natural or artificial, can be the owner of a cause of action or can appear in court and litigate a controversy." *United States v. Callard*, No. 11-CV-4819, 2013 WL 2022870, at *4 (E.D.N.Y. May 14, 2013) (citation omitted). Based upon the information on the docket, Morgan died in approximately June, 2013, several months before this action was commenced, and was never a proper defendant

2

herein. *See id.*[1]

Based upon the foregoing, this action is dismissed as against Morgan.

**WHEREFORE**, it is hereby

**ORDERED** that this action is dismissed as against Roger Morgan; and it is further

**ORDERED** that the Clerk revise the docket accordingly; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: October 7, 2014
 Albany, NY

/s/ Mae A. D'Agostino
Mae A. D'Agostino
U.S. District Judge

---

[1] Moreover, because Morgan was never a party to this action, Federal Rule of Civil Procedure 25(a) cannot not be utilized by plaintiff as a means to add his legal representative or successor as a party. *See Davis v. Caldwell*, 94 F.R.D. 306, 307 (D. Del. 1982); 6 *Moore's Federal Practice* § 25.10[1] (Matthew Bender 3d ed.).