**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**SKYLER JACKSON,**

                            **Plaintiff,**

    vs.                                                 **9:13-CV-01279
(MAD/TWD)**

**NATHAN YANDO, et al.,**

                            **Defendants.**

_____

**APPEARANCES:**                                  **OF COUNSEL:**

**SKYLER JACKSON
08-A-2852**
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871
Plaintiff *pro se*

**HON. ERIC T. SCHNEIDERMAN**            **C. HARRIS DAGUE, AAG**
Attorney General for the State of New York
The Capitol
Albany, New York 12224
Attorney for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Skyler Jackson ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this civil rights action *pro se* under 42 U.S.C. § 1983, on October 16, 2013. *See* Dkt. No. 1. Plaintiff has named a total of ten defendants in this action (collectively, "Defendants"). Specifically, Plaintiff alleges that he was subjected to excessive force in violation of the Eighth Amendment while confined at the Great Meadow Correctional Facility ("Great Meadow") by Correction Officers Nathan Yando,

Daniel Mulligan, Jeremy Saunders, Joseph Courtright, Roger Morgan[1], Corey Thayer, Officer Kelly, and Sergeant Colin Fraser. Plaintiff also alleges that Defendants Kelly, Thayer, and Fraser failed to intervene and protect Plaintiff, in violation of his Eighth Amendment rights. *See* Dkt. No. 39 at 3-4. Plaintiff further alleges that he was denied due process by Lieutenant Craig Goodman during his resultant Tier III disciplinary hearing, in violation of his Fourteenth Amendment rights. *See id.* at 4-6. Lastly, Plaintiff advances supervisory liability claims against Superintendent Norman Bezio for allowing the alleged violations to take place. Plaintiff claims Defendant Bezio's fault lies in his "fail[ing] . . . to take disciplinary or other action to curb the known pattern of physical abuse of inmates by [the Defendants]," and for "overseeing and sustaining" Defendant Goodman's actions in conducting Plaintiff's hearing. *Id.* at 5, 6.

On June 29, 2015, Defendants moved for partial summary judgment with respect to all claims against Defendants Thayer, Goodman, and Bezio. *See* Dkt. No. 69. In their motion, Defendants contend that (1) Defendant Thayer was not physically present at the time of the altercation, (2) Defendant Goodman provided Plaintiff with adequate due process at the disciplinary hearing, and (3) Defendant Bezio was not personally involved in Plaintiff's disciplinary hearing. *See* Dkt. No. 69-3. Plaintiff opposed the motion. *See* Dkt. No. 74.

On January 19, 2016, Magistrate Judge Thérèse Wiley Dancks filed an Order and Report-Recommendation, recommending that this Court (1) grant Defendants' motion as to the Eighth Amendment claim against Defendant Thayer and terminate him as a defendant, (2) grant Defendants' motion as to the Fourteenth Amendment claim against Defendant Goodman and terminate him as a defendant, (3) grant Defendants' motion as to the Fourteenth Amendment

---

[1] This Court dismissed this action as against deceased Correction Officer Roger Morgan by Decision and Order dated October 7, 2014. *See* Dkt. No. 57; *see also* Dkt. No. 76 at 2 n.1.

claim against Defendant Bezio, but (4) deny Defendants' motion as to the Eighth Amendment claim against Defendant Bezio. *See* Dkt. No. 76 at 23. Neither party has filed an objection.

Having reviewed Magistrate Judge Dancks' well-reasoned and thorough Order and Report-Recommendation, the record before the Court, and the relevant case law, this Court hereby affirms and adopts the Order and Report-Recommendation in its entirety.

## II. DISCUSSION

### A.     Standard of Review

First, when a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, "[i]n those cases where no party has filed an objection . . . this court reviews the findings and recommendations of a magistrate judge for clear error." *Johnson v. Cnty. of Wash.*, No. 1:10-cv-1497 (GLS/DRH), 2011 WL 2160895, *1 (N.D.N.Y. May 27, 2011) (citing *Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, *6-7 (N.D.N.Y. Jan. 18, 2006)). In general, "[a] finding is 'clearly erroneous' when . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendation made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact, and the facts as to which there is no such dispute warrant judgment for the

movant as a matter of law. *See* Fed. R. Civ. P. 56(a); *see also Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Chambers*, 43 F.3d. at 36-37 (quotation and other citation omitted). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Moreover, it is well-settled that a party opposing a motion for summary judgment must do more than simply "rest upon the mere allegations or denials of his pleading" or "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986). "Conclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 369, 400 (2d Cir. 1998). Instead, a party opposing summary judgment is required to submit admissible evidence showing that there is a genuine factual dispute. *See Spiegel v. Schulmann*, 604 F.3d 72, 81 (2d Cir. 2010); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Liberty Lobby, Inc.*, 477 U.S. at 255) (other citations omitted). Where the non-movant fails either to respond to the motion or otherwise dispute the movant's statement of material facts, the court may not rely solely on the moving party's Statement of Material Facts pursuant to N.D.N.Y. Local Rule 7.1(a)(3); rather, the

4

court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that factual assertions contained in a statement of facts that are otherwise unsupported by record citations are insufficient to meet a movant's burden on summary judgment).

Further, "in a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *See Campbell*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See Campbell*, 289 F. Supp. 2d at 295 (citing *Showers v. Eastmond*, No. 00 CIV. 3725(SAS), 2001 WL 527484, *2 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's bald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment." *Showers*, 2001 WL 527484, at *2 (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

Here, Plaintiff failed to respond to Defendant's statement of material facts as required under Local Rule 7.1(a)(3). *See* Dkt. No. 76 at 9. In light of Plaintiff's *pro se* status and the fact that both of his submissions were verified, Magistrate Judge Dancks properly construed Plaintiff's Amended Complaint and Opposition to Defendants' motion for partial summary judgment as affidavits in opposition to the motion. *See id.*; *see also Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995) (citations omitted). Moreover, Magistrate Judge Dancks properly considered only

those facts in Defendants' Rule 7.1 statement "to the extent they are supported by evidence in the record." *See id.* at 10.

**B.    Eighth Amendment claims against Defendant Corey Thayer**

Magistrate Judge Dancks recommended granting summary judgment to Defendant Thayer on Plaintiff's Eighth Amendment claims against him. *See id.* at 13. As set forth in Defendant Thayer's declaration, he did not have a realistic opportunity to intervene and prevent the alleged harm to Plaintiff[2] because he was not present when it occurred. *See* Dkt. No. 69-4. Magistrate Judge Dancks correctly determined that Plaintiff's conclusory allegations to the contrary are insufficient to create a question of material fact. *See* Dkt. No. 76 at 13. As such, Magistrate Judge Dancks correctly determined that the Court should grant Defendants' motion for summary judgment as to the Eighth Amendment claim against Defendant Thayer.

**C.    Fourteenth Amendment claim against Defendant Craig Goodman**

Next, Magistrate Judge Dancks recommended granting summary judgment to Defendant Goodman on Plaintiff's Fourteenth Amendment claims against him because she determined that no reasonable fact-finder could conclude that Plaintiff was denied due process during his disciplinary hearing. *See* Dkt. No. 76 at 21.

---

[2] *See Henry v. Dinelle*, No. 9:10-CV-0456 (GTS/DEP), 2011 WL 5975027, *4 (N.D.N.Y. Nov. 29, 2011) ("To establish a claim of failure-to-intervene, the plaintiff must adduce evidence establishing that the officer had (1) *a realistic opportunity to intervene and prevent the harm*, (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated, and (3) that officer [did] not take reasonable steps to intervene") (emphasis added) (citing *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008)).

In connection with the alleged altercation, Goodman found Plaintiff guilty of Violent Conduct (two counts), Assault on Staff (two counts), Refusal to Comply with Frisk Procedures, and Possession of a Weapon. *See* Dkt. No. 39 at ¶¶ 29, 34, *see also* Dkt. No. 69-5 at ¶ 16. Thereafter, Plaintiff was sentenced to thirty-six months of punitive segregation in the Special Housing Unit ("SHU"). *See* Dkt. No. 39 at ¶ 35.

Plaintiff claims he was denied due process at his disciplinary hearing because Defendant Goodman (1) failed to conduct a thorough investigation, (2) failed to turn over requested materials before Plaintiff had the opportunity to question certain witnesses, (3) found Plaintiff guilty of the charges based on insufficient evidence, and (4) failed to conduct the hearing in a fair and impartial manner. *See* Dkt. No. 76 at 14.

In the context of prison disciplinary hearings, the Fourteenth Amendment entitles an inmate to a hearing affording a reasonable opportunity to call witnesses and present evidence, and a fair and impartial hearing officer. *See Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004). In the prison context, however, due process protections do not necessarily equal "'the full panoply' of rights due to a defendant in a criminal prosecution." *Id.* As stated by Magistrate Judge Dancks, the due process clause requires only that a hearing officer's decision be supported by *some reliable evidence*. *See* Dkt. No. 76 at 14-15 (discussing *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455 (1985), and *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004)). Further, the inmate must demonstrate prejudice in connection with the alleged denials by showing that they affected the outcome of the hearing. *See, e.g.*, *Clark v. Dannheim*, 590 F. Supp. 2d 429, 429 (W.D.N.Y. 2008) (citing *Powell v. Coughlin*, 953 F.2d 744, 750 (2d Cir. 1991)) (other citations omitted).

### 1. *Opportunity to be heard and call witnesses*

Based on the hearing transcript, Magistrate Judge Dancks correctly found that no reasonable fact-finder could conclude that either the delay in requested documents, or the denial to recall certain witnesses resulted in any prejudice to Plaintiff. *See* Dkt. No. 76 at 18. Moreover, Magistrate Judge Dancks correctly determined that the delay in producing the requested documents did not affect the outcome because they were read to Plaintiff at the hearing, and he was provided "ample opportunity, with several adjournments, to prepare for the hearing." *See id.* at 4, 18.

Further, Defendant Goodman's denial to reexamine certain witnesses was based on the fact that such witnesses were "already questioned and testified that their written misbehavior reports were accurate." *Id.* at 17. Defendant Goodman was only permitted to rely on information contained in the misbehavior reports and hearing testimony in making a determination of guilt. *See* Dkt. No. 69-7 at 73. As such, Magistrate Judge Dancks properly found that the denial did not result in any prejudice to Plaintiff. *See* Dkt. No. 76 at 18.

### 2. *Fair and impartial hearing officer*

Next, Magistrate Judge Dancks found that Plaintiff was not denied a fair and impartial hearing officer because the transcript and disposition sheet contained no evidence that Defendant Goodman was biased or predisposed in any way. *See* Dkt. No. 76 at 20. In making her determination, Magistrate Judge Dancks correctly articulated that the Fourteenth Amendment does not require absolute neutrality in the context of prison disciplinary hearings. *See, e.g.*, *Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996) ("The degree of impartiality required of prison officials does not rise to the level of that required of judges generally. It is well recognized that

8

prison disciplinary officials are not held to the same standard of neutrality as adjudicators in other contexts.") (citations omitted); *see also Francis v. Coughlin*, 891 F.2d 43, 46 (2d Cir. 1989) ("Because of the special characteristics of the prison environment, it is permissible for the impartiality of such officials to be encumbered by various conflicts of interest that, in other contexts, would be adjudged of sufficient magnitude to violate due process.") (citing *Cleavinger v. Saxner*, 474 U.S. 193, 203-04 (1985)). In particular, Magistrate Judge Dancks found that Defendant Goodman's reliance on documentary, testimonial, and tangible evidence satisfied the requirement that the hearing officer's decision be supported by "some evidence,"[3] rendering his decision "not arbitrary."[4] Thus, Magistrate Judge Dancks correctly found Plaintiff's conclusory allegation that Defendant Goodman failed to conduct the hearing in a fair and impartial manner simply because he is "an officer with rank and works closely with the officers involved" insufficient to create a genuine issue of material fact. *See* Dkt. No. 76 at 19 (quoting Dkt. No. 39 at ¶ 34).

Lastly, Plaintiff asserted in opposition to the motion for summary judgment that his thirty-six month SHU sentence was "arbitrary and capricious" because under the old guidelines "the maximum amount of SHU time to be imposed was [twenty-four] months." *See* Dkt. No. 74 at 3. Magistrate Judge Dancks correctly determined that this argument was meritless because violations of DOCCS regulations do not give rise to liability under § 1983 without proof of actual bias. *See Cusamano v. Sobek*, 604 F. Supp. 2d 416, 484 (N.D.N.Y. 2009).

---

[3] *See Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455 (1985) (requiring "some evidence" to satisfy due process in the context of the prison disciplinary board's decision to revoke good time credits).

[4] *See Wolff*, 418 U.S. at 571 (declining to find those conducting prison disciplinary hearings in violation of due process absent a showing of "arbitrary decisionmaking").

### *3.  Insufficient evidence*

Plaintiff further contends that he did not receive a fair and impartial hearing because Goodman found him guilty of possessing a weapon despite testimony from Defendants Courtright and Kelly that they did not see one in Plaintiff's possession. *See* Dkt. No. 76 at 20; *see also* Dkt. No. 74 at 3. Magistrate Judge Dancks correctly found Defendant Goodman's determination of guilt based on the misbehavior reports, the testimony of the other witnesses, and the photograph was sufficient to satisfy the "some evidence" standard in *Hill*, 472 U.S. at 455, and the "reliable evidence" standard in *Luna*, 356 F.3d at 488.  See Dkt. No. 76 at 20.

Based on the foregoing, Magistrate Judge Dancks properly determined that no reasonable fact-finder could conclude that Plaintiff was denied due process during his disciplinary hearing. *See* Dkt. No. 76 at 21.

### D.  **Supervisory liability claims against Superintendent Norman Bezio**

Plaintiff alleges that Defendant Bezio violated his right to due process by "overseeing and sustaining" Defendant Goodman's actions. *See* Dkt. No. 39 at 6; *see also* Dkt. No. 76 at 22. Magistrate Judge Dancks recommended granting summary judgment to Defendant Bezio on Plaintiff's Fourteenth amendment claim against him because Plaintiff failed to establish any underlying constitutional violation[5] by Defendant Goodman. *See* Dkt. No. 76 at 22. Since Magistrate Judge Dancks properly determined that Defendant Goodman did not deny Plaintiff the

---

[5] *See Alston v. Bendheim*, 672 F. Supp. 2d 378, 388-89 (S.D.N.Y. 2009) ("A necessary factor . . . of . . . supervisory liability is that a constitutional violation [actually] occurred"); *see also Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003) (stating that one way a plaintiff can establish supervisory liability under § 1983 involves a showing of "grossly negligent supervision of subordinates *who committed a violation*") (emphasis added) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)).

10

process he was due, summary judgment in favor of Defendant Bezio with respect to Plaintiff's Fourteenth Amendment claim is appropriate.

Moreover, Magistrate Judge Dancks noted that Defendants neglected to address Plaintiff's Eighth Amendment supervisory liability claim against Defendant Bezio. *See* Dkt. No. 76 at 23; *see also* Dkt. No. 69-3 at 16-19. As such, Magistrate Judge Dancks correctly determined that Defendants failed to meet their initial burden demonstrating the absence of a genuine issue of material fact. Accordingly, granting summary judgment to Defendant Bezio with respect to this claim is inappropriate.

### III. CONCLUSION

After carefully considering Magistrate Judge Dancks' Report-Recommendation and Order and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' January 19, 2016, Order and Report-Recommendation (Dkt. No. 76) is **ADOPTED** in its entirety for the reasons stated herein; and the Court further

**ORDERS** that Defendants' motion for partial summary judgment (Dkt. No. 69) is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that all claims against Defendants Cory Thayer and Craig Goodman are **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's Fourteenth Amendment claim against Defendant Norman Bezio is **DISMISSED**; and the Court further

**ORDERS** that Defendants' motion for partial summary judgment with respect to Plaintiff's Eighth Amendment claim against Defendant Norman Bezio is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 23, 2016
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge