UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SKYLER JACKSON,

                              Plaintiff,

v.                                                             9:13-cv-01279 (TWD)

NATHAN YANDO, et al.,

                              Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

WHITEMAN OSTERMAN & HANNA LLP        JAVID AFZALI, ESQ.
Attorneys for Plaintiff                           EMILY PERKS QUINLAN, ESQ.
Once Commerce Plaza
Albany, NY 12260


HON. ERIC T. SCHNEIDERMAN               C. HARRIS DAGUE, ESQ.
Attorney General of the State of New York     MARK G. MITCHELL, ESQ.
Attorney for Defendants                         Assistant Attorneys General
The Capitol
Albany, NY 12224

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge


## ORDER

      Plaintiff Skyler Jackson, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Corrections Officers Nathan Yando, Joseph Courtright, Daniel Mulligan, Jeremy Saunders, and James Kelly. (Dkt. No. 39.) Plaintiff claims Defendants Yando, Courtright, Mulligan, and Saunders subjected him to excessive force on October 11, 2010, and that Defendant Kelly witnessed the alleged excessive force and failed to

intervene to prevent the misuse of force in violation of his rights under the Eighth Amendment. *Id*. at ¶ 36. Plaintiff also brings state claims for assault and battery under New York common law based upon the same underlying alleged use of excessive force. *Id*. at ¶ 37. Defendants contend that any force they used was necessary and did not violate Plaintiff's constitutional rights, and that Defendant Kelly did not have an opportunity to intervene.

Currently pending before the Court is Defendants' October 24, 2016, oral motion prior to the commencement of trial to dismiss Plaintiff's state law claims for assault and battery. Defendants argue Plaintiff's state law claims for assault and battery in their individual capacities are barred pursuant to New York Correction Law § 24. Plaintiff counters that Defendants' motion is untimely and dismissal of the state law claims at this juncture would be unduly prejudicial. After hearing oral argument, and reviewing the parties' submissions and the applicable law, and for the reasons set forth below, the Court dismisses Plaintiff's state law claims for assault and battery for lack of subject matter jurisdiction.

Section 24 of the New York State Correction Law provides in pertinent part:

> 1. No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, in his personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.
>
> 2. Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of shall be brought and maintained in the court of claims as a claim against the state.

N.Y. Correct. Law § 24 (McKinney 2016); *see also Ierardi v. Sisco*, 119 F.3d 183, 186-87 (2d Cir. 1997). "Section 24 thus precludes claims against corrections officers brought against them

in any court in their personal capacities arising out of the discharge of their duties." C*rump v. Ekpe*, No. 07-CV-1331, 2010 WL 502762, at *18 (N.D.N.Y. Feb. 8, 2010) (citations omitted). An employee's actions are deemed to be within the scope of their employment when "the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions." *Ierardi v. Sisco*, 119 F.3d 183, 187 (2d Cir.1997) (citations omitted).

For purposes of New York Correction Law § 24, the courts have looked to the following factors to determine whether actions fall within the actor's scope of employment:

> the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by any employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated.

*Ierardi*, 119 F.3d at 187 (citation omitted). "Consistent with this precept, various courts have held that a correctional officer who uses force while on duty is acting within the scope of employment, and therefore is entitled to the protections of section 24." *Deal v. Yurack*, No. 9:04-CV-0072 (LEF/DEP), 2007 WL 2789615, at *10 (N.D.N.Y. Sept. 24, 2007) (collecting cases).

In this case, Plaintiff alleges that on October 11, 2010, he was "walking to the mess hall for the afternoon meal." *Id*. at ¶ 20. Upon reaching the E Block corridor, Plaintiff was placed on the wall for a pat frisk." *Id*. at ¶ 21. Plaintiff placed his hand on the wall. *Id*. at ¶ 22. According to Plaintiff, Defendant Mulligan punched Plaintiff in the face. *Id*. at ¶ 22. Plaintiff was knocked to the floor. *Id*. at ¶ 23. Defendants Mulligan, Yando, Courtright, and Saunders kicked and struck Plaintiff with fists and batons. *Id*. Thus, all of Plaintiff's allegations against all Defendants stem from events that occurred at Great Meadow Correctional Facility while all Defendants were on duty.

Here, because Defendants were employed by DOCCS, and Plaintiff does not claim that any encounters at issue took place while any Defendant was not on duty as a corrections officer at Great Meadow Correctional Facility, Plaintiff's state claims for assault and battery are barred by New York Correction Law § 24. *See, e.g.*, *Ames v. New York Dep't of Corrections and Community Supervision*, No. 9:12-cv-01487 (MAD/RFT), 2015 WL 4126326, at *12-14 (N.D.N.Y. Mar. 24, 2015) (dismissing pendent state claims for assault and battery as barred by New York Correction Law §24 where the alleged excessive force occurred during the movement of the inmate within the correctional facility); *Lopez v. Whitmore*, No. 9:13-CV-952 (BKS/ATB), 2015 WL 4394604, at *11-12 (N.D.N.Y. July 16, 2015) (pendent state claims for assault and battery during pat-down by corrections officer dismissed under New York Correction Law § 24).

As to the timeliness of Defendants' motion, pursuant to Rule 12 of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see, e.g.*, *Parker v. Fogg*, 85-CV-177, 1999 WL 49696 (N.D.N.Y. Deb. 17, 1994) (dismissing inmate's pendent state law claims against corrections officers as barred by New York Correction Law § 24 even though the action was pending for nearly nine years and the defendants raised for the first time during opening statement at trial that plaintiff's pendent claims for assault and battery were barred by section 24 of the New York Corrections Law). Accordingly, the Court dismisses Plaintiff's state law claims for assault and battery for lack of subject matter jurisdiction.

**WHEREFORE**, it is hereby

**ORDERED** that Defendants' October 24, 2016, oral motion to dismiss Plaintiff's state law claims for assault and battery is **GRANTED**, and it is further

**ORDERED** that Plaintiffs' state claims for assault and battery are **DISMISSED**.

**IT IS SO ORDERED.**

Dated: October 26, 2016
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge